IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02418-MEH

VICTOR CEJKA,
JAMES WALKER,
STEVEN WASCHER,
JAMIE LYTLE, and
PAUL CROSS,

    Plaintiffs,

v.

VECTRUS SYSTEMS CORPORATION, f/k/a Exelis Systems Corporation,

    Defendant.

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON CERTAIN OF DEFENDANT'S AFFIRMATIVE DEFENSES

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiffs initiated this employment action against Defendants on October 30, 2015, alleging essentially that they suffered adverse employment actions in retaliation for reporting what they believed to be improper conduct affecting security at Bagram Air Force Base in Afghanistan. Plaintiffs allege claims against their former employer, Defendant Vectrus Systems Corp. ("Vectrus"), for common law retaliatory termination (Claim I); violation of 10 U.S.C. § 2409, the Department of Defense whistleblower statute (Claim II); and common law outrageous conduct (Claim III). ECF No. 97. Vectrus filed an answer in response to the operative Amended Complaint raising ten affirmative defenses. ECF No. 104. Here, Plaintiffs seek summary judgment in their favor on eight of the ten defenses, after having engaged in written discovery on these defenses. Vectrus has withdrawn its third affirmative defense for failure to exhaust administrative remedies; accordingly, the Court will order that defense withdrawn from the operative pleading. Otherwise,

the Court finds Vectrus' eighth affirmative defense should be stricken, and Vectrus fails to raise genuine issues of material fact regarding its seventh affirmative defense, but the remaining defenses will be neither stricken nor dismissed.

## FINDINGS OF FACT

The Court incorporates by reference its findings of fact set forth in its February 14, 2018 orders on Vectrus' motions for summary judgment (ECF Nos. 183, 184, 185), and views the facts in the light most favorable to Vectrus, who is the non-moving party in this matter.

## LEGAL STANDARDS

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## **ANALYSIS**

An "affirmative defense" is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014). Rule 8(c) of the Federal Rules of Civil Procedure instructs that, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c). Here, Vectrus has asserted ten affirmative defenses in response

to the Plaintiffs' Amended Complaint, and the Plaintiffs seek summary judgment as to eight of these. The Court will address the challenged affirmative defenses in the order argued by the parties.

**I.     First, Second, Eighth and Ninth Defenses**

Vectrus is willing to withdraw four of the challenged affirmative defenses—first, second, eighth, and ninth—provided, essentially, that Vectrus has the "right" to raise these four defenses, if necessary, at trial. Notably, if these defenses are not actually "affirmative defenses" as argued by the Plaintiffs, then the Court finds they need not have been pled and are simply denials that may be raised if and/or when appropriate under the circumstances, including at trial. *See Home Design Servs. v. Trumble*, No. 09-cv-00964-WYD, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (disagreeing "with the proposition that summary judgment is appropriate on several of the Trumbles' defenses simply because those defenses are more appropriately styled as denials") (citing *Lifeblood Biomedical, Inc., Opt–In Trust v. Mann (In re Sender)*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) ("A defense should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader.")).

The Court agrees with Plaintiffs that the first affirmative defense titled "Adequate Remedy at Law," the second defense titled "Excessive Punitive Damages Violate Substantive Due Process," and the ninth defense titled "Punitive Damages" will not defeat the Plaintiffs' claims even if their allegations are true and, thus, they are not affirmative defenses. However, as in *Trumble*, this Court does not find summary judgment proper on these simple "denials" and will deny Plaintiffs' motion as to these denials.

Regarding the eighth defense, Plaintiffs contend that "Prior Material Breach" may serve as an affirmative defense only to claims involving a contract, but none of Plaintiffs' claims challenges any contract. Vectrus counters that it would be willing to withdraw this defense "provided that its

4

right to re-assert the defense in the event Plaintiffs assert any contractual theories of recovery is expressly preserved." Resp. 2.

The Court agrees that Vectrus' eighth defense is inapplicable to any claims alleged in this case, and Vectrus has failed to raise any genuine issues of material fact concerning whether the Plaintiffs committed a "prior material breach" of any agreement. However, the Court is not convinced that summary judgment is appropriate with this affirmative defense as well. Rather, the Court finds that the correct analysis for determining the propriety of invoking an affirmative defense intended solely to defend against a specific claim, in an action in which such specific claim is not pled, is whether the defense should be stricken from the pleading.

Rule 12(f) of the Federal Rules of Civil Procedure permit the Court—on its own or on motion by a party—to strike from a pleading an "insufficient" defense. Fed. R. Civ. P. 12(f). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07–cv–01514–WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Smuggler–Durant Min. Corp.*, 822 F. Supp. 873, 875 (D. Colo. 1993)). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09–cv–00704–CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances." *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) (citing *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995)). In *Michaud v. Greenberg & Sada, P.C.*, No. 11–cv–01015–RPM–MEH, 2011 WL 2885952 (D. Colo. July 18,

2011), this Court found the standard articulated in *Nacchio/Unger* continues to be the appropriate standard, that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance. *Id.* at *4; *see also Quick v. Grand Junction Lodging, LLC*, No. 13–cv–02917–RBJ, 2014 WL 7205417, at *2 n.2 (D. Colo. Dec. 18, 2014) (listing cases).

Here, the Court finds Vectrus' eighth affirmative defense was improperly invoked in its Answer to Plaintiffs' First Amended Complaint, since the pleading alleges no contract claims. As such, the defense is insufficient and cannot be maintained under any set of circumstances that currently exist in this case. Thus, while the Court will not enter summary judgment for the Plaintiffs on this defense, the Court finds it proper to strike the eighth defense from the Answer.

## II.    Fifth and Tenth Defenses

Vectrus' fifth and tenth affirmative defenses are essentially the same, except the fifth defense ("*in pari delicto*") applies to claims for legal relief, and the tenth defense ("unclean hands") applies to claims for equitable relief. Either or both of these defenses may be invoked "when a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct." *Hollander v. Zito*, No. 11-cv-00499-MSK, 2011 WL 5834688, at *5 (D. Colo. Nov. 21, 2011) (quoting *Sender v. Kidder Peabody & Co., Inc.*, 952 P.2d 779, 782 (Colo. App. 1997)). If these participants are deemed *in pari delicto* (or, "in equal fault"), "the law will aid neither, but rather, will leave them where it finds them." *Id.*; *see also Salzman v. Bachrach*, 996 P.2d 1263, 1269 (Colo. 2000) ("In Colorado, the clean hands maxim dictates that one who has engaged in improper conduct regarding the subject matter of the cause of action may, as a result, lose entitlement to an equitable remedy.") (citation omitted).

Plaintiffs contend that Vectrus cannot show Plaintiffs were "equal participants" in any

alleged wrongful or illegal conduct and "cannot establish the required connection between the alleged wrongdoing by Plaintiffs and the matters at issue in this lawsuit." Mot. 11. Vectrus counters that these defenses arise from Cross' alleged "mishandling of protected information" in violation of the National Industrial Security Program Operating Manual ("NISPOM") and Lytle's and Cejka's alleged "harassment" of another employee in violation of Vectrus' Code of Conduct, which is the same conduct for which Vectrus claims it terminated the employment of Cross, Lytle, and Cejka. Vectrus argues that Plaintiffs cannot legitimately contend there is no connection between wrongdoing alleged against the Plaintiffs and that alleged against Vectrus, where Plaintiffs Cejka and Lytle stated in response to interrogatories under oath that even if the conduct alleged against them had occurred, "it would not have justified immediate termination under [Vectrus'] discipline procedures." Resp. 7–8.

First, none of the parties raised the possibility that the claims in this case do not provide for legal or equitable relief; therefore, for purposes only of this analysis, the Court will assume, as the parties have, that Plaintiffs would be entitled to both legal and equitable relief should they prevail on their claims.

Second, the Court is not convinced by Plaintiffs' proposition that the "improper conduct regarding the subject matter of the cause of action" (*Salzman*, 996 P.2d at 1269) includes the conduct Plaintiffs reported to the military, which led to an investigation and subsequent debarment of certain Vectrus employees. While the debarred employees' conduct is certainly relevant to the action, it is not the "subject matter of" of the Plaintiffs' wrongful discharge, statutory, or outrageous conduct claims. *See Calvert v. Mayberry*, -- P.3d --, 2016 WL 1593821, at *7 (Colo. App. April 21, 2016), *cert. granted on other grounds*, 2017 WL 563164 (Colo. Feb. 13, 2017) ("The doctrine applies when the improper conduct relates directly to the underlying litigation."); *see also Ajay*

7

*Sports, Inc. v. Casazza*, 1 P.3d 267, 276 (Colo. App. 2000) (". . . the inequitable conduct must have an immediate and necessary relation to the claims under which relief is sought."); *Nisselson v. Lernout*, 469 F.3d 143, 152 (1st Cir. 2006) (the *in pari delicto* doctrine applies where "(i) the plaintiff, as compared to the defendant, bears at least substantially equal responsibility *for the wrong he seeks to redress* and (ii) preclusion of the suit would not interfere with the purposes of the underlying law or otherwise contravene the public interest.") (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310–11 (1985)) (emphasis added).

Rather, as Plaintiffs acknowledge, the "subject matter" of these claims relates to Vectrus' treatment of the Plaintiffs, including, as Plaintiffs describe: "Vectrus' retaliatory termination of Plaintiffs for their roles in identifying [ ] illicit and illegal behavior to the military and assisting the military in its subsequent investigation." Reply 5; *see also Calvert*, 2016 WL 1593821 at *7 (trial court properly applied "unclean hands" doctrine where plaintiff attorney entered into oral contract with defendant client for alleged repayment of money the attorney had loaned client, in violation of professional conduct rule, in an action where the attorney sought an equitable lien against the client's home); *Ajay Sports*, 1 P.3d at 277 (trial court properly eliminated portions of jury instruction concerning plaintiff's status as a shareholder, where plaintiff's claim for relief related only to his status as a creditor). The Court concludes that the incidents of "improper" conduct Vectrus alleges against Cejka, Lytle, and Cross are directly related to Vectrus' terminations of these Plaintiffs for purposes of analyzing the *in pari delicto* and unclean hands defenses.

Third, although the Court is generally tasked with resolving equitable claims for relief, the Plaintiffs seek primarily legal relief in the form of monetary damages and request only "equitable relief as appropriate." Am. Compl. at 28. As set forth in the Court's orders on Vectrus' motions for summary judgment, Plaintiffs' claims for wrongful discharge in violation of public policy and

8

Walker's claim for violation of 10 U.S.C. § 2409 are proceeding to a jury trial. The Court concludes that the jury must evaluate whether Cross, Cejka, and/or Lytle engaged in the conduct alleged by Vectrus, as well as the conduct alleged by the Plaintiffs against Vectrus, and determine the relative culpability of the parties. As the Supreme Court instructs:

> In its classic formulation, the *in pari delicto* defense was narrowly limited to situations where the plaintiff truly bore at least substantially equal responsibility for his injury, because in cases where both parties are *in delicto*, concurring in an illegal act, it does not always follow that they stand *in pari delicto*; for there may be, and often are, very different degrees in their guilt. Thus there might be an inequality of condition between the parties, or a confidential relationship between them that determined their relative standing.

*Bateman*, 472 U.S. at 307 (internal citations and quotations omitted). It is for the jury to determine any varying degrees of guilt and/or inequality of condition between the parties by evaluating the credibility of the witnesses and considering what weight should be given to all parts of the evidence. *See Ajay Sports*, 1 P.3d at 274 (citing *Murphy v. Glenn*, 964 P.2d 581, 584 (Colo. App. 1998); *see also Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1112 (10th Cir. 2005)) (citing *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1159 (10th Cir. 1992)).

Finally, the Court declines to adopt the Plaintiffs' contention that any improper conduct must be (and is not in this case) "equal." Mot. 13. As stated by the court in *Peltz v. SHB Commodities, Inc.*, 115 F.3d 1082, 1090 (2d Cir. 1997), this "hypertechnical interpretation of the *in pari delicto* doctrine is outdated" as the purported wrongdoing of a plaintiff and a defendant need not be "clearly mutual, simultaneous, and relatively equal." *See also UCAR Intern. Inc. v. Union Carbide Corp.*, No. 04–0741–CV, 119 F. App'x 300, 302 (2d Cir. 2004) ("In fact, the law does not require defendants' and UCAR's wrongdoing to be of an identical nature for the *in pari delicto* defense to apply.").

For these reasons, the Court will not grant summary judgment finding as a matter of law that

Vectrus raises no material factual issues as to its fifth and tenth affirmative defenses to the claims of Cross, Cejka, and Lytle for wrongful discharge.

## III. Seventh Affirmative Defense

Laches may be asserted to deny relief to a party whose unexcused or unreasonable delay in enforcing his or her rights has prejudiced the party against whom he or she seeks relief. *Robbins v. People*, 107 P.3d 384, 388 (Colo. 2005); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002) ("the defendant must demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay.").

Plaintiffs argue that Vectrus' assertion of the defense is merely conclusory, and Vectrus cannot demonstrate any genuine issues of material fact supporting its seventh affirmative defense of laches. Vectrus counters that the evidence demonstrates a jury could find Plaintiffs' delay in filing this lawsuit was not excusable and that Vectrus was prejudiced by the delay.

Neither party raised what the Court finds dispositive of this issue: the defense, as presented by Vectrus, is not an affirmative defense in this case. Again, an affirmative defense "will defeat the plaintiff's or prosecution's *claim*, even if all allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014) (emphasis added). Vectrus argues that its defense of laches is proper in this case to defend against the Plaintiffs' assertion of spoliation or "missing documents" the Plaintiffs claim Vectrus has "destroyed" in this litigation. Resp. 9–11. Vectrus argues no other basis for any purported "material prejudice" it has suffered as a result of Plaintiffs' alleged delay. For example, Vectrus does not argue that it is (or has been) unable to produce sufficient evidence supporting its own defenses based on Plaintiffs' alleged delay. As such, the Court finds that Vectrus' assertion of laches in this case is simply a denial or defense to Plaintiffs' spoliation protest and not to any claim for relief.

As Plaintiffs acknowledge, "[t]he Court denied Plaintiffs' Motion for Sanctions without prejudice, stating that Plaintiffs would 'be allowed to try the issue regarding missing documents before the jury.'" Reply 7. Thus, the jury will hear Plaintiffs' spoliation argument and any counter arguments of "delay" Vectrus may raise and, if the evidence is sufficient, the jury may be instructed on these issues.

However, the Court concludes Vectrus has failed to establish any material factual issues as to the elements necessary to assert the affirmative defense of laches as applied to Plaintiffs' *claims for relief*. *See Jacobsen*, 287 F.3d at 949. Accordingly, to the extent that Vectrus intends (or intended) for its laches defense to be used to defend against the Plaintiffs' claims for the relief, the Court will grant the Plaintiffs' motion for summary judgment as to the seventh defense.

## **CONCLUSION**

In sum, the Court finds the following with respect to Vectrus' affirmative defenses challenged by the Plaintiffs:

1. Vectrus' Third Affirmative Defense is **withdrawn**;

2. Vectrus' Eighth Affirmative Defense is **stricken** from the pleading;

3. The motion is **denied** as to Vectrus' First, Second, Fifth, Ninth and Tenth Affirmative Defenses; and

4. The motion is **granted** as to Vectrus' Seventh Affirmative Defense to the extent it was intended to defend against the Plaintiffs' claims for relief.

THEREFORE, Plaintiffs' Motion for Summary Judgment on Certain of Defendant's Affirmative Defenses [filed October 2, 2017; ECF No. 138] is **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado, this 21st day of February, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge