IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02418-MEH

VICTOR CEJKA,
JAMES WALKER,
STEVEN WASCHER,
JAMIE LYTLE, and
JENNIFER CROSS,

    Plaintiffs,

v.

VECTRUS SYSTEMS CORPORATION, f/k/a Exelis Systems Corporation,

    Defendant.

---

**ORDER RE: DUTY TO PRESERVE DOCUMENTS**

---

**Michael E. Hegarty, United States Magistrate Judge**.

At the motions hearing on May 3, 2018, the Court reserved for consideration the date on which a duty by Defendant Vectrus Systems Corporation ("Vectrus") arose for the preservation of documents for purposes of determining whether Vectrus engaged in spoliation of certain documents.

"Spoliation is ... the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *Moreno v. Taos Cty. Bd. of Comm'rs*, 587 F. App'x 442, 444 (10th Cir. 2014) (quoting *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003)). Sanctions for spoliation of evidence are appropriate when the party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced by the destruction of the evidence." *Id.* (quoting *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006)); *see also Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) ("A spoliation sanction is proper where: (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was

prejudiced by the destruction of the evidence.").

Regarding whether litigation is "imminent," this Court finds persuasive the analysis and findings in *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1164 (D. Colo. 2015) holding that "a party's duty to preserve arises when it has notice that the documents might be relevant to a reasonably-defined future litigation." Thus, "[i]n determining whether a party's duty to preserve has been triggered, courts evaluate facts such as the likelihood that a certain kind of incident will result in litigation; the knowledge of certain employees about threatened litigation based on their participation in the dispute; or notification received from a potential adversary. *Id.* at 1163 (citing *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004)).

Applying these principles, the Court finds that Vectrus' duty to preserve documents arose on January 5, 2015 when Vectrus' legal department became aware that the plaintiffs had filed a whistleblower complaint with the Department of Defense Inspector General ("DOD IG"). Tr. 84: 4–9, ECF No. 91. Although its deputy general counsel, Chris Rather, testified that Vectrus did not receive a copy of the complaint containing "details of the allegations the plaintiffs were making," Vectrus' communications with the DOD IG involved the DOD IG's request "for information specifically dealing with what the IG said was the status or standing that the five plaintiffs would have to bring a claim under the Federal Whistle Blower Act." *Id.* 84: 10–21.

Plaintiffs argue that Vectrus' duty arose in late 2013 when Donald Askew, Vectrus Employment Relations Officer, investigated a "harassment" complaint against two of the Plaintiffs and at least one of the Plaintiffs expressed his belief that they were suffering retaliation. The Court finds that, without any intervening conduct or events sufficient to place Vectrus on notice of "reasonably-defined future litigation," Askew's investigation was too far removed from the filing of this action in October 2015, the date in June 2015 Vectrus received a draft copy of the Plaintiffs'

2

complaint, or even the January 2015 notification from the DOD IG, to demonstrate a duty to preserve. *See, e.g., Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, 244 F.R.D. 614, 623 (D. Colo. 2007) (in a trademark infringement case, " a party's duty to preserve evidence in advance of litigation must be predicated on something more than an equivocal statement of discontent, particularly when that discontent does not crystalize into litigation for nearly two years.").

Therefore, the Court concludes that Vectrus' duty to preserve documents for litigation arose on January 5, 2015 when it had notice that documents might be relevant to a reasonably-defined future litigation.

Dated at Denver, Colorado, this 7th day of May, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge