# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 15-cv-02418-MEH

VICTOR CEJKA,
JAMIE LYTLE,
STEVEN WASCHER,
JAMES WALKER, and
JENNIFER CROSS,

Plaintiffs,

v.

VECTRUS SYSTEMS CORPORATION, f/k/a Exelis Systems Corporation,

Defendant.

---

## JURY VERDICT FORMS

---

## SPECIAL VERDICT FORM FOR PLAINTIFF JENNIFER CROSS

1.      Has Plaintiff Jennifer Cross proved by a preponderance of the evidence that she made reports to her supervisor(s) or to the Department of Defense or to the U.S. Military regarding conduct she reasonably believed was unlawful or violated a regulation?

___X___ Yes        _____ No

If your answer to Question No. 1 is "yes," then proceed to Question No. 2.  If your answer to Question No. 1 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

2.      Has Cross proved by a preponderance of the evidence that the Vectrus personnel who made the decision to terminate Cross's employment was aware that Cross made the reports described in Question No. 1?

_____ Yes        ___X___ No

If your answer to Question No. 2 is "yes," then proceed to Question No. 3.  If your answer to Question No. 2 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

3.      Has Cross proved by a preponderance of the evidence that the Vectrus personnel made the decision to terminate Cross's employment because Cross made the reports described in Question No. 1?

_____ Yes        _____ No

Cross - 1

If your answer to Question No. 3 is "yes," you have found for Plaintiff Cross and you shall proceed to Question No. 4. If your answer to Question No. 3 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

4.      What amount of past economic losses, if any, did Cross prove by a preponderance of the evidence she suffered as a result of Vectrus's termination of her employment?

$_____. You should answer "0" if you determine there were none.

Please proceed to Question No. 5.

5.      What amount of future economic losses, if any, did Cross prove by a preponderance of the evidence she suffered as a result of Vectrus's termination of her employment?

$_____. You should answer "0" if you determine there were none.

Please proceed to Question No. 6.

6.      What amount of non-economic losses, if any, did Cross prove by a preponderance of the evidence she suffered as a result of Vectrus's termination of her employment?

$_____. You should answer "0" if you determine there were none.

If you did not award any damages in response to Question Nos. 4, 5 or 6, proceed to sign and date this form. If you awarded any damages, please proceed to Question No. 7.

7.      Has Cross proved beyond a reasonable doubt that Vectrus's termination of her employment was done with malice or in willful and wanton disregard of her rights?

_____ Yes      _____ No

Cross - 2

If your answer to Question No. 7 is yes, what amount of punitive damages do you award?

$_____.

Please sign and date this form.

Dated: _____6/12/18_____, 2018

Cross - 3

## SPECIAL VERDICT FORM FOR PLAINTIFF JAMIE LYTLE

1.      Has Plaintiff Jamie Lytle proved by a preponderance of the evidence that he made reports to his supervisor(s) or to the Department of Defense or to the U.S. Military regarding conduct he reasonably believed was unlawful or violated a regulation?

 __X__ Yes          _____ No

If your answer to Question No. 1 is "yes," then proceed to Question No. 2.  If your answer to Question No. 1 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

2.      Has Lytle proved by a preponderance of the evidence that the Vectrus personnel who made the decision to terminate Lytle's employment was aware that Lytle made the reports described in Question No. 1?

__X__ Yes          _____ No

If your answer to Question No. 2 is "yes," then proceed to Question No. 3.  If your answer to Question No. 2 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

3.      Has Lytle proved by a preponderance of the evidence that the Vectrus personnel made the decision to terminate Lytle's employment because Lytle made the reports described in Question No. 1?

__X__ Yes          _____ No

Lytle - 1

If your answer to Question No. 3 is "yes," you have found for Plaintiff Lytle and

you shall proceed to Question No. 4. If your answer to Question No. 3 is "no," you have found

for Vectrus, answer no further questions, and sign and date this form.

4.      What amount of past economic losses, if any, did Lytle prove by a preponderance

of the evidence he suffered as a result of Vectrus's termination of his employment?

$ __75,000__. You should answer "0" if you determine there were none.

Please proceed to Question No. 5.

5.      What amount of future economic losses, if any, did Lytle prove by a

preponderance of the evidence he suffered as a result of Vectrus's termination of his

employment?

$ ___0___. You should answer "0" if you determine there were none.

Please proceed to Question No. 6.

6.      What amount of non-economic losses, if any, did Lytle prove by a preponderance

of the evidence he suffered as a result of Vectrus's termination of his employment?

$ ___0___. You should answer "0" if you determine there were none.

If you did not award any damages in response to Question Nos. 4, 5 or 6, proceed to sign

and date this form. If you awarded any damages, please proceed to Question No. 7.

7.      Has Lytle proved beyond a reasonable doubt that Vectrus's termination of his

employment was done with malice or in willful and wanton disregard of his rights?

__X__ Yes          _____ No

Lytle - 2

If your answer to Question No. 7 is yes, what amount of punitive damages do you award?

$ _100,000_ .

Please sign and date this form.

Dated: _6/12/18_____, 2018.

Lytle - 3

## SPECIAL VERDICT FORM FOR PLAINTIFF VICTOR CEJKA

1.      Has Plaintiff Victor Cejka proved by a preponderance of the evidence that he made reports to his supervisor(s) or to the Department of Defense or to the U.S. Military regarding conduct he reasonably believed was unlawful or violated a regulation?

__X__ Yes          _____ No

If your answer to Question No. 1 is "yes," then proceed to Question No. 2. If your answer to Question No. 1 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

2.      Has Cejka proved by a preponderance of the evidence that the Vectrus personnel who made the decision to terminate Cejka's employment was aware that Cejka made the reports described in Question No. 1?

__X__ Yes          _____ No

If your answer to Question No. 2 is "yes," then proceed to Question No. 3. If your answer to Question No. 2 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

3.      Has Cejka proved by a preponderance of the evidence that the Vectrus personnel made the decision to terminate Cejka's employment because Cejka made the reports described in Question No. 1?

__X__ Yes          _____ No

Cejka - 1

If your answer to Question No. 3 is "yes," you have found for Plaintiff Cejka and you shall proceed to Question No. 4. If your answer to Question No. 3 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

4.    What amount of past economic losses, if any, did Cejka prove by a preponderance of the evidence he suffered as a result of Vectrus's termination of his employment?

$ *397,900* . You should answer "0" if you determine there were none.

Please proceed to Question No. 5.

5.    What amount of future economic losses, if any, did Cejka prove by a preponderance of the evidence he suffered as a result of Vectrus's termination of his employment?

$ *0* . You should answer "0" if you determine there were none.

Please proceed to Question No. 6.

6.    What amount of non-economic losses, if any, did Cejka prove by a preponderance of the evidence he suffered as a result of Vectrus's termination of his employment?

$ *0* . You should answer "0" if you determine there were none.

If you did not award any damages in response to Question Nos. 4, 5 or 6, proceed to sign and date this form. If you awarded any damages, please proceed to Question No. 7.

7.    Has Cejka proved beyond a reasonable doubt that Vectrus's termination of his employment was done with malice or in willful and wanton disregard of his rights?

___X___ Yes          _____ No

Cejka - 2

If your answer to Question No. 7 is yes, what amount of punitive damages do you award?

$ *100,000* .

Please sign and date this form.

Dated: *6/12/18* , 2018.

Cejka - 3

## SPECIAL VERDICT FORM FOR PLAINTIFF STEVEN WASCHER

1.       Has Plaintiff Steven Wascher proved by a preponderance of the evidence that his

separation from Vectrus constituted a resignation from employment?

 Yes          _____ No

If your answer to Question No. 1 is "yes," then proceed to Question No. 2.  If

your answer to Question No. 1 is "no," you have found for Vectrus, answer no further questions,

and sign and date this form.

2.       Has Wascher proved by a preponderance of the evidence that his working

conditions were so difficult or intolerable that he had no reasonable choice but to resign?

 Yes          _____ No

If your answer to Question No. 2 is "yes," then proceed to Question No. 3.  If your

answer to Question No. 2 is "no," you have found for Vectrus, answer no further questions, and

sign and date this form.

3.       Has Wascher proved by a preponderance of the evidence that he made reports to

his supervisor(s) or to the Department of Defense or to the U.S. Military regarding conduct he

reasonably believed was unlawful or violated a regulation?

 Yes          _____ No

If your answer to Question No. 3 is "yes," then proceed to Question No. 4.  If

your answer to Question No. 3 is "no," you have found for Vectrus, answer no further questions,

and sign and date this form.

Wascher - 1

4.     Has Wascher proved by a preponderance of the evidence that the Vectrus personnel who made the decision(s) to cause Wascher's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign was aware that Wascher made the reports described in Question No. 3?

  __X__ Yes           _____ No

If your answer to Question No. 4 is "yes," then proceed to Question No. 5.  If your answer to Question No. 4 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

5.     Has Wascher proved by a preponderance of the evidence that the Vectrus personnel made such decision(s) because Wascher made the reports described in Question No. 3?

__X__ Yes           _____ No

If your answer to Question No. 5 is "yes," you have found for Plaintiff Wascher and you shall proceed to Question No. 6.  If your answer to Question No. 5 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

6.     What amount of past economic losses, if any, did Wascher prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$ _338,100_.  You should answer "0" if you determine there were none.

Please proceed to Question No. 7.

7.     What amount of future economic losses, if any, did Wascher prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$_____0_____.  You should answer "0" if you determine there were none.

Wascher - 2

Please proceed to Question No. 8.

8.      What amount of non-economic losses, if any, did Wascher prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$ _100,000_ . You should answer "0" if you determine there were none.

If you did not award any damages in response to Question Nos. 6, 7 or 8, proceed to sign and date this form. If you awarded any damages, please proceed to Question No. 9.

9.      Has Wascher proved beyond a reasonable doubt that Vectrus's decision(s) to cause Wascher's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign was done with malice or in willful and wanton disregard of his rights?

_X_ Yes            _____ No

If your answer to Question No. 9 is yes, what amount of punitive damages do you award?

$ _100,000_ .

Please sign and date this form.

Dated: _6/12/18_____ , 2018

Wascher - 3

Wascher - 4

### SPECIAL VERDICT FORM FOR PLAINTIFF JAMES WALKER

1.    Has Plaintiff James Walker proved by a preponderance of the evidence that his separation from Vectrus constituted a resignation from employment?

<u>  X  </u> Yes          <u>        </u> No

If your answer to Question No. 1 is "yes," then proceed to Question No. 2.  If your answer to Question No. 1 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

2.    Has Walker proved by a preponderance of the evidence that his working conditions were so difficult or intolerable that he had no reasonable choice but to resign?

<u>  X  </u> Yes          <u>        </u> No

If your answer to Question No. 2 is "yes," then proceed to Question No. 3.  If your answer to Question No. 2 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

3.    Has Walker proved by a preponderance of the evidence that he made reports to his supervisor(s) or to the Department of Defense or to the U.S. Military regarding conduct he reasonably believed was unlawful or violated a regulation?

<u>  X  </u> Yes          <u>        </u> No

If your answer to Question No. 3 is "yes," then proceed to Question No. 4.  If your answer to Question No. 3 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

Walker - 1

4.      Has Walker proved by a preponderance of the evidence that the Vectrus personnel who made the decision(s) to cause Walker's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign was aware that Walker made the reports described in Question No. 3?

_____X_____ Yes          _____ No

If your answer to Question No. 4 is "yes," then proceed to Question No. 5.  If your answer to Question No. 4 is "no," you have found for Vectrus, answer no further questions, and sign and date this form.

5.      Has Walker proved by a preponderance of the evidence that that the Vectrus personnel made such decision(s) because Walker made the reports described in Question No. 3?

_____X_____ Yes          _____ No

If your answer to Question No. 5 is "yes," you have found for Plaintiff Walker on his state law claim for wrongful discharge in violation of public policy ("wrongful discharge") and you shall proceed to Question No. 6.  If your answer to Question No. 5 is "no," you have found for Vectrus on the wrongful discharge claim and you shall proceed to Question No. 6.

6.      Has Walker proved by a preponderance of the evidence that he disclosed information that he reasonably believed was evidence of a violation of law related to a Department of Defense contract or a substantial and specific danger to public health and safety to either (i) a Department of Defense or U.S. Military employee responsible for contract oversight or management, (ii) an authorized official of the Department of Defense or U.S. Military, (iii) an authorized official of the Department of Justice or other law enforcement agency, or (iv) a

management official or other employee of Vectrus who has the responsibility to investigate,

discover, or address misconduct?

_____X_____ Yes    _____ No

       If your answer to Question No. 6 is "yes," then proceed to Question No. 7.  If

your answer to Question No. 6 is "no," you have found for Vectrus on Walker's federal Defense

Contractor Whistleblower Act ("DCWA") claim and you shall proceed to Question No. 10.

       7.     Has Walker proved by a preponderance of the evidence that the Vectrus personnel

who made the decision(s) to cause Walker's working conditions to become so difficult or

intolerable that such person had no reasonable choice but to resign was aware that Walker had

made the disclosures?

_____X_____ Yes    _____ No

       If your answer to Question No. 7 is "yes," then proceed to Question No. 8.  If

your answer to Question No. 7 is "no," you have found for Vectrus on Walker's DCWA claim

and you shall proceed to Question No. 10.

       8.     Has Walker proved by a preponderance of the evidence that his disclosures were a

contributing factor in Vectrus's decision(s) to cause Walker's working conditions to become so

difficult or intolerable that such person had no reasonable choice but to resign?

_____X_____ Yes    _____ No

If your answer to Question No. 8 is "yes," then answer Question No. 9. If your answer to Question No. 8 is "no," you have found for Vectrus on Walker's DCWA claim and you shall proceed to Question No. 10.

9. Has Vectrus proved by clear and convincing evidence that it would have taken the same personnel actions toward Walker even in the absence of Walker's disclosures?

_____ Yes __X__ No

If your answer to Question No. 9 is "yes," you have found for Vectrus on Walker's Whistleblower Act claim and you shall proceed to Question No. 10. If your answer to Question No. 9 is "no," then you have found in favor of Walker on his DCWA claim and you shall proceed to Question No. 10.

10. If you found in favor of Walker on his wrongful discharge claim or his DCWA claim, or both, what amount of past economic losses, if any, did Walker prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$_331,900_. You should answer "0" if you determine there were none.

Please proceed to Question No. 11.

11. If you found in favor of Walker on his wrongful discharge claim or his DCWA claim, or both, what amount of future economic losses, if any, did Walker prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$__0__. You should answer "0" if you determine there were none.

Please proceed to Question No. 12.

Walker - 4

12.    If you found in favor of Walker on his wrongful discharge claim or his DCWA claim, or both, what amount of non-economic losses, if any, did Walker prove by a preponderance of the evidence he suffered as a result of his constructive discharge?

$ _100,000_ . You should answer "0" if you determine there were none.

If you did not award any damages in response to Question Nos. 10, 11, or 12, proceed to sign and date this form.  If you awarded any damages, please proceed to Question 13.

13.    Has Walker proved beyond a reasonable doubt that Vectrus's decision(s) to cause ~~Wascher's~~ Walker's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign was done with malice or in willful and wanton disregard of his rights?

_X_ Yes        _____ No

If your answer to Question No. 13 is yes, what amount of punitive damages do you award? $ _100,000_ .

Please sign and date this form.

Dated: _6/12/18_        , 2018.

Walker - 5