## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.   15-cv-02418-MEH

VICTOR CEJKA,
JAMIE LYTLE,
STEVEN WASCHER,
JAMES WALKER, and
JENNIFER CROSS,

Plaintiffs,

v.

VECTRUS SYSTEMS CORPORATION, f/k/a Exelis Systems Corporation,

Defendant.

---

## JURY INSTRUCTIONS

---

**INSTRUCTION NO. 1**

<u>Jury Conduct</u>

We are about to begin the trial of the case you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself.

First, do not talk with one another about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about the case until I have discharged you.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone tries to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.  In addition, you should not search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.  As I told you, until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with

anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy.

I know that many of you use cell phones, tablets, the internet and other tools of technology. You may not, under any circumstances, have your smart phones, tablets, or the other electronic devices turned on when court is in session or while you are deliberating. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube. Researching or gathering any information on your own that you think might be helpful is against the law and would be a violation of your oath.

Violation of this instruction could cause a mistrial, meaning all of our efforts over the course of the trial would have been wasted and we would have to start all over again with a new trial before a new jury. If you were to cause a mistrial by violating this order, you could be subject to paying all the costs of these proceedings and you could also be punished for contempt of court.

Sixth, do not make up your mind about what the verdict should be until after you have retired to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Seventh, each of you will be given a notebook for the purpose of taking notes. You are free to take notes in order to enhance your memory or assist you in recollecting during your deliberations. Let me advise you of certain things concerning note taking.

1.   Each of you may take notes, but you are not required to do so.

2.   If you do take notes, do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.

3.   Be brief in taking notes.  Over-indulgence in note-taking may be distracting.  You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility.  Note-taking must not distract you from that task.  If you wish to take a note, you need not sacrifice the opportunity to make important observations.

4.   Your notes are for your private use only.  Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror because that juror did or did not take notes.  Your notes are not official transcripts.  You are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

5.   Do not take your notes away from court.  At the end of each day, please leave your notebook in the jury deliberation room.  The jury deliberation room will be locked by Ms. Davenport at the conclusion of each day when you leave, and unlocked before you arrive and proceedings begin in the morning.  At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

## INSTRUCTION NO. 2

### Case Presentation

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  You have already heard me refer to and introduce the Plaintiffs and Defendant in this case.  Here, the individual Plaintiffs are suing the Defendant.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the attorneys' closing arguments, and my instructions to you on the law.

From time to time during the trial, I may make rulings on objections or motions the attorneys make. It is a party's duty to object when the other side offers testimony or other evidence that the party believes is inadmissible. You should not be unfair or partial against an attorney or the attorney's client, because the party has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The attorneys and parties are not allowed to speak with you during this case. When you see them at recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the parties out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## INSTRUCTION NO. 3

### Burden of Proof

"Burden of proof" means the obligation a party has to prove his or her claims. The party with the burden of proof can use evidence produced by any party to persuade you. The Plaintiffs in this case have the burden of proving their claims, which requires them to prove every essential element of the claims at least by a preponderance of the evidence. Defendant also has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

"Proof by a preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proved is more likely than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some issues in this case may require the party with the burden of proof to prove them by a standard higher than preponderance of the evidence. One higher standard is called "clear and convincing evidence." A fact or proposition has been proved by "clear and convincing evidence" if, considering all the evidence, you find it to be highly probable and you have no serious or substantial doubt.

Some issues in this case may require the party with the burden of proof to prove them by an even higher standard called "beyond a reasonable doubt."  Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and thoughtful consideration of all the evidence, or the lack of evidence, in the case.  It is not a vague, speculative, or imaginary doubt, but one that would cause reasonable persons to hesitate to act in matters of importance to themselves.  Only if you find no such doubt exists in your mind, should you find that a fact or proposition has been proven "beyond a reasonable doubt."

**INSTRUCTION NO. 4**

<u>Lawsuit Does Not Mean Valid Claim</u>

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong. That the Plaintiffs complain in this case they have been damaged is not evidence that, in fact, they have been damaged or that the other party violated the law. The fact that a case has gone to trial does not mean that it must have some merit. You cannot say "Well, there must be something wrong here or the case would not be in court." That would be improper.

## INSTRUCTION NO. 5

### Evidence in the Case

It will be your duty to decide what the facts are from the evidence the parties present. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law as I inform you, whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be, nor do I want you to guess or speculate about my views of what verdict you should render.

The evidence in the case will consist of the following:

1.      The sworn testimony of the witnesses, no matter which party calls the witness.

2.      All exhibits received in evidence, regardless of which party produces the exhibits.

3.      All facts that have been stipulated or judicially noticed, which you must take as true for purposes of this case.

A "stipulation" is an agreement between both sides that certain facts are true. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. Questions and objections by the attorneys are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

The following things are **not** evidence and you must not consider them as evidence in deciding the facts of this case:

Statements and arguments of the attorneys are not evidence in the case, unless made as an admission or stipulation of fact. If an attorney asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The attorney's questions and statements are not evidence.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and you must not consider it. In addition, I may allow some testimony or exhibits only for a limited purpose, and you must consider them only for that limited purpose.

Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses. You are to decide the case solely on the evidence received in this courtroom during the trial.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO. 6**

Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness who asserts or claims to have actual knowledge of a fact. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts and circumstances which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence of this case.

## INSTRUCTION NO. 7

Exhibits

The attorneys may highlight certain parts of some exhibits. It is for you to determine the significance of the highlighted parts.

**INSTRUCTION NO. 8**

<u>Charts, Summaries and Graphic Materials</u>

Charts, summaries and/or other graphic materials may be shown to you to help explain the facts and documents in evidence in the case. However, such charts, summaries and materials are not in and of themselves evidence or proof of any facts unless I have admitted them as evidence. If such materials do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

**INSTRUCTION NO. 9**

Credibility of Witnesses

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.   The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.   The quality of the witness's memory;

3.   The witness's manner while taking the oath and while testifying;

4.   Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5.   Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.   How reasonable the witness's testimony was in light of all the evidence; and,

7.   Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

## INSTRUCTION NO. 10

### All Available Witnesses or Evidence Need Not be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTION NO. 11

<u>Expert Testimony</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel that the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 12

Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

**INSTRUCTION NO. 13**

<u>Objections and Rulings</u>

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit that the attorney believes is not properly admissible under the rules of law.  Only by offering an objection can an attorney request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any attorney or the attorney's client because the attorney has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

**INSTRUCTION NO. 14**

Evidence for a Limited Purpose

In certain instances evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

You will hear evidence of the nature and extent of alleged wrongful conduct reported by Plaintiffs to the military as well as the military's investigation and response. You are to consider this evidence for the limited purpose of determining whether Plaintiffs have established the elements of their claims including whether Defendant was aware of Plaintiffs' reports and whether the reports and their consequences motivated Vectrus to terminate or constructively terminate the Plaintiffs.

It is not your role to determine whether the alleged conduct in fact occurred. Plaintiffs are not required to prove that the reported conduct occurred nor is Defendant required to prove that the reported conduct did not occur.

**INSTRUCTION NO. 15**

<u>Depositions As Evidence</u>

Certain testimony will be played by video recording or read from the transcript of a deposition. A deposition is testimony taken under oath before the trial. You are to consider that testimony as if it had been given by the witness from the witness stand.

**INSTRUCTION NO. 16**

Testimony Read From Transcript

Certain testimony will be read into evidence from a transcript of an earlier proceeding.

The transcript is testimony taken under oath at the earlier proceeding and preserved in writing.

You are to consider that testimony as if it had been given before you from the witness stand.

**INSTRUCTION NO. 17**

Corporate Party's Agents and Employees

A corporation may act only through natural persons who are its agents or employees.

Generally, any agents or employees of a corporation may bind the corporation by their acts and

declarations made while acting within the scope of their authority delegated to them by the

corporation or within the scope of their duties as employees of the corporation.

## INSTRUCTION NO. 18

Speculation

Any finding of fact you make must be based on probabilities, not possibilities.   You should not guess or speculate about a fact.

**INSTRUCTION NO. 19**

<u>Sympathy</u>

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

**INSTRUCTION NO. 20**

<u>Province of Judge and Jury</u>

After you have heard all of the evidence, the parties have presented their arguments, and I have read you the instructions, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each witness.

In addition, during the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

## INSTRUCTION NO. 21

### Order of Trial

The trial will now begin. First, the attorneys for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiffs' attorney will present evidence in support of Plaintiffs' claims and the Defendant's attorney may cross-examine the witnesses. At the conclusion of the Plaintiffs' case, Defendant may introduce evidence, and Plaintiffs' attorney may cross-examine the witnesses. Because some of Defendant's witnesses are the same as Plaintiffs' witnesses, Defendant may directly examine Plaintiffs' witnesses during Plaintiffs' case. You are to treat this testimony as if Defendant had offered it after the conclusion of Plaintiffs' case. Defendant is not required to introduce any evidence or to call any witnesses. If Defendant introduces evidence, Plaintiffs may then present rebuttal evidence.

After the evidence is presented, the parties' attorneys will make closing arguments explaining what they believe the evidence has shown. What the attorneys say in the closing arguments is not evidence. Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

## JURY INSTRUCTION NO. 22

Introduction to Closing Instructions

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The attorneys may properly refer to some of the governing rules of law in their closing arguments. If there is any difference between the law stated by the attorneys and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## JURY INSTRUCTION NO. 23

### Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone or cell phone, or any smart phone, tablet, or computer to access the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, in order to communicate to anyone any information about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

In addition, you may not use these electronic means to investigate any information about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

**JURY INSTRUCTION NO. 24**

<u>Use of Notes</u>

You may use the notes taken by you during the trial.   However, your notes should not be substituted for your memory.   Remember, notes are not evidence.   If your memory should differ from your notes, then you should rely on your memory and not your notes.

**JURY INSTRUCTION NO. 25**

<u>Inferences</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw reasonable inferences from the facts you find to have been proved, as seems justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**JURY INSTRUCTION NO. 26**

<u>All Persons Equal Before the Law - Organizations</u>

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual.   All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.

## JURY INSTRUCTION NO. 27

### Finding of Fact

Any finding of fact you make must be based on probabilities, not possibilities.   You should not guess or speculate about a fact.

## JURY INSTRUCTION NO. 28

### "Evidence" Excluded

In reaching your verdict you may consider only the testimony and exhibits received into evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.     Arguments and statements by attorneys are not evidence. The attorneys are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the attorneys have stated them, your memory of the facts controls.

2.     Questions and objections by attorneys are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if I have allowed some testimony or exhibits only for a limited purpose, you must consider such only for that limited purpose.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received during trial.

## JURY INSTRUCTION NO. 29

Stipulated Facts

The Parties have stipulated to certain facts. You must accept the stipulation and regard those facts as proved. The stipulated facts are as follows:

1. Vectrus Systems Corporation ("Vectrus") is a Delaware corporation with its principal place of business in Colorado Springs, Colorado.

2. From January 1, 2012 to September 27, 2014, Vectrus was called Exelis Systems Corporation. Prior to that time, it was known as ITT Systems Corporation.

3. On June 27, 2007, Fluor Corporation ("Fluor") entered into contract number W52-1J-07-D-0008 (the "Prime Contract") with the Army Contracting Command to provide services to the Logistics Civilian Augmentation Program IV ("LOGCAP" or the "Program") in Afghanistan.

4. On June 19, 2008, Vectrus entered into a subcontract with Fluor, titled "Blanket Ordering Agreement," to provide support for LOGCAP in Afghanistan (the "BOA").

5. Vectrus terminated Jennifer Cross' employment effective September 13, 2013.

6. Vectrus terminated Victor Cejka's employment effective December 12, 2013.

7. Vectrus terminated Jamie Lytle's employment effective December 12, 2013.

8. At certain times during 2013, Plaintiffs worked at Bagram Air Force Base ("BAF" or "Bagram") in Afghanistan as security investigators in Vectrus's Personnel Services Department, staffed in its Force Protection Screening Cell.

Because the Parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

## JURY INSTRUCTION NO. 30

### Resignation or Layoff

You have heard that just before their separations of employment from Vectrus, Plaintiffs Walker and Wascher were informed that their positions were to be "de-scoped," and Vectrus offered Walker and Wascher positions as biometric clerks. You will decide, based on the evidence presented, whether Walker's and Wascher's decisions to decline the positions constituted resignations (as opposed to layoffs) from employment.

## JURY INSTRUCTION NO. 31

<u>Constructive Discharge</u>

The determination of whether the actions of an employer amount to a constructive discharge depends on whether a reasonable person under the same or similar circumstances would view the new working conditions as intolerable, and not on the subjective view of the individual employee.

To prove a constructive discharge, Plaintiffs Walker and Wascher each must demonstrate deliberate action on the part of Vectrus which a person under the same or similar circumstances would view as so difficult or intolerable that such person had no reasonable choice but to resign.

### JURY INSTRUCTION NO. 32

Imputation of Subordinate Bias

A "subordinate bias" or "cat's paw" theory refers to a situation in which a biased subordinate, who lacks decisionmaking power, uses the formal decisionmaker as a dupe in a deliberate scheme to trigger an adverse employment action. Likewise, the "rubber stamp" doctrine refers to a situation in which a decisionmaker gives perfunctory approval for an adverse employment action explicitly recommended by a biased subordinate.

To prevail on a subordinate bias claim, Plaintiffs Cross, Cejka, and Lytle must establish more than that a biased subordinate had mere "influence" or "input" in the decisionmaking process. Rather, the Plaintiff must prove the biased subordinate's report(s), recommendation(s), or other actions caused the Plaintiff's employment termination.

Vectrus can avoid liability under this theory by demonstrating it conducted an independent investigation of the biased subordinate's allegations against the Plaintiff.

This instruction does not apply to Plaintiffs Walker and Wascher.

## JURY INSTRUCTION NO. 33

<u>Wrongful Discharge Based on Violations of Public Policy – Employer's Retaliation Against an Employee for Exercising a Right or Performing a Public Duty</u>

Each of the five Plaintiffs brings a claim for wrongful discharge in violation of public policy.  I will now instruct you specifically about the elements of this claim.

For a Plaintiff to recover from Vectrus on a claim for wrongful discharge in violation of public policy, such Plaintiff must prove by a preponderance of the evidence all of the following:

1.     The Plaintiff made reports to his or her supervisor(s) or to the Department of Defense or U.S. Military regarding conduct that he or she reasonably believed was unlawful or violated a regulation;

2.     The Plaintiff was separated from employment with Vectrus (in the case of Cross, Cejka, and Lytle by termination and in the case of Walker and Wascher by constructive discharge);

3.     The Vectrus personnel who made the decision to terminate the Plaintiff (in the case of Cross, Cejka, and Lytle), or to cause working conditions so difficult or intolerable that such person had no reasonable choice but to resign (in the case of Wascher and Walker), was aware that the Plaintiff made the reports described above; and

4.     The Vectrus personnel made that decision because the Plaintiff made the reports described above.

If you find that any one or more of these numbered statements has not been proved by a particular Plaintiff, then your verdict must be for Vectrus and not that Plaintiff on this claim.

On the other hand, if you find that all of these numbered statements have been proved by a particular Plaintiff, then your verdict must be for that Plaintiff on this claim.

## JURY INSTRUCTION NO. 34

Retaliation in Violation of the Defense Contractor Whistleblower Protection Act

Plaintiff James Walker also has a claim that he was constructively discharged in violation of the Defense Contractor Whistleblower Protection Act. For Mr. Walker to recover from Vectrus on this claim, you must find that all of the following have been proved by a preponderance of the evidence:

1.     During the course of his employment at Vectrus, Walker disclosed information that he reasonably believed was evidence of a violation of law related to a Department of Defense contract or a substantial and specific danger to public health and safety to either (i) a Department of Defense or U.S. Military employee responsible for contract oversight or management, (ii) an authorized official of the Department of Defense or U.S. Military, (iii) an authorized official of the Department of Justice or other law enforcement agency, or (iv) a management official or other employee of Vectrus who has the responsibility to investigate, discover, or address misconduct;

2.     The Vectrus personnel who made the decision(s) to cause Walker's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign was aware that Walker had made the disclosures described above;

3.     Walker was constructively discharged by Vectrus;

4.     Walker's disclosures were a "contributing factor" in Vectrus's decision(s) to cause Walker's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign. A "contributing factor" is any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision. Walker

may demonstrate that his disclosures were a contributing factor in Vectrus's decision(s) through circumstantial evidence, such as evidence that --

(A)   the employee(s) making the decision(s) knew of Walker's disclosures; and

(B)   the actions occurred within a period of time such that a reasonable person could conclude that the disclosures were a contributing factor in the decision(s).

If you find that Walker has failed to prove that his disclosures were a contributing factor in Vectrus's decision(s) to cause Walker's working conditions to become so difficult or intolerable that such person had no reasonable choice but to resign, then you must find in favor of Vectrus.

If, on the other hand, you find that Walker has proved that his disclosures were a contributing factor, then the burden of proof shifts to Vectrus. In that event, you must decide whether Vectrus has proved by "clear and convincing evidence" that it would still have taken the same personnel actions toward Walker even if there had been no disclosures.  If you find that Vectrus has proved this, you must find in favor of Vectrus.   If, on the other hand, you find that Vectrus has not proved this, you must find in favor of Walker.

## JURY INSTRUCTION NO. 35

### Damages Not to Be Inferred

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages.   The question of whether or not damages are to be awarded is a question for the jury's consideration.

## JURY INSTRUCTION NO. 36

<u>Damages</u>

Plaintiffs have the burden of proving, by a preponderance of the evidence, the nature and extent of their damages.   If you find in favor of the Plaintiffs you must determine the total dollar amount of each prevailing Plaintiff's damages, if any, that were caused by his or her wrongful discharge by Vectrus.

In determining such damages, you shall consider the following:

1.      Any noneconomic losses which the Plaintiff has had or will probably have in the future, including: past and future pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life for being wrongfully terminated or constructively discharged from his or her employment with Vectrus in violation of public policy; and

2.      Any economic losses which the Plaintiff has had or will probably have in the future, including: loss of past earnings, loss of future earnings, impairment of future earnings capacity, loss of past fringe benefits, and loss of future fringe benefits.

**JURY INSTRUCTION NO. 37**

<u>Multiple Recovery Prohibited</u>

Plaintiff James Walker has sued for the same damages on two different legal claims. Walker has sued Vectrus under Colorado state law for wrongful discharge in violation of public policy and under federal law for violation of the Defense Contractor Whistleblower Protection Act. These claims have different legal standards and burdens of proof, on which I have instructed you. But Walker is not permitted to recover damages on both legal claims.

## JURY INSTRUCTION NO. 38

<u>Failure to Mitigate</u>

If an employee is wrongfully discharged, that employee must take reasonable steps to reduce or minimize the damages that might result from the discharge.  However, the employee is not required to take any steps that would not be reasonable under all of the circumstances.

Vectrus has the burden of proving that each Plaintiff did not take reasonable steps to reduce or minimize his or her damages.

If you find that:

1.      Any Plaintiff failed to seek other employment that was substantially similar to the position he or she held with Vectrus, and

2.      Seeking other similar employment would have been reasonable under all of the circumstances, then you must reduce the amount of any actual damages suffered by that Plaintiff by the amount of any earnings and benefits he or she might reasonably have expected to earn from that other employment during any period during which you find that the Plaintiff suffered damages.

## JURY INSTRUCTION NO. 39

Punitive Damages

If you find in favor of any of the Plaintiffs on their Colorado state law claim for wrongful discharge in violation of public policy, then you shall consider whether each Plaintiff should recover punitive damages against Vectrus.  Punitive damages, if awarded, are to punish the defendant and to serve as an example to others.  A plaintiff is only entitled to punitive damages if he or she proves beyond a reasonable doubt that the defendant acted with malice or in a willful and wanton manner in causing that plaintiff damages.

If you find beyond a reasonable doubt (as defined in Instruction No. 3) that Vectrus acted in a malicious or willful and wanton manner in causing a Plaintiff's damages, you shall so indicate on the verdict form.

As used here, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the Plaintiffs.  You may award punitive damages if you find that Vectrus, while conscious of its conduct and cognizant of existing conditions, knew or should have known that a Plaintiff's injury would probably result from its acts.

"Malice" is an intention or desire to harm another seriously through doing something unlawful or otherwise unjustified or due to revengeful or unfriendly feelings.  You may thus find that Vectrus acted with malice if it engaged in reckless and wanton acts toward Plaintiffs such as

disclose an utter disregard of consequences, and intentional malice in its odious or malevolent

sense is not required.

**JURY INSTRUCTION NO. 40**

<u>Multiple Plaintiffs</u>

Although there are five Plaintiffs in this action, it does not follow from that fact alone that if one Plaintiff is entitled to recover, all five are entitled to recover. As you have heard, the evidence is not identical as to each Plaintiff. You should consider the claims of each Plaintiff separately, based on the evidence applicable to that Plaintiff. Unless otherwise stated, all instructions I give you govern the case as to each Plaintiff.

## JURY INSTRUCTION NO. 41

Jury Deliberations

When you go to the jury room to begin your deliberations, you must elect one member of the jury as your Foreperson. He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreements if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors. I offer some suggestions on how you might do this in the following jury instruction on the "Deliberation Process."

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because the other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight of the evidence simply to reach a verdict. Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 42

### Jury Deliberation Process

Once you have elected your Foreperson, you are free to proceed as you agree is appropriate. Therefore, I am not directing you how to proceed, but I offer the following suggestions that other juries have found helpful so that you can proceed in an orderly fashion, allowing full participation by each juror, and arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Foreperson to encourage good communication and participation by all jurors and to maintain fairness and order. Your Foreperson should be willing and able to facilitate productive discussions even when disagreements and controversy arise.

Second, the Foreperson should let each of you speak and be heard before expressing his or her own views.

Third, the Foreperson should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying of others.

Fourth, the Foreperson should make certain that the deliberations are not rushed to reach a conclusion.

If the Foreperson you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

After you select a Foreperson you should consider electing a secretary who will tally the votes, help keep track of who has or has not spoken on the various issues, make certain that all of you are present whenever deliberations are under way and otherwise assist the Foreperson.

Some juries are tempted at this point to hold a preliminary vote on the case before them to "see where we stand." It is most advisable, however, that no vote be taken before a full

discussion is had on the issue to be voted on; otherwise, you might lock yourself into a certain view before considering alternative and possibly more reasonable interpretations of the evidence. Experience has also shown that such early votes frequently lead to disruptive, unnecessarily lengthy, inefficient debate and ineffective decision-making.

Instead, I suggest the Foreperson begin your deliberations by directing the discussion to establishing informal ground rules for how you will proceed.   These rules should assure that you will focus on, analyze, and evaluate the evidence fairly and efficiently and that the viewpoints of each of you is heard and considered before any decisions are made.   No one should be ignored. You may agree to discuss the case in the order of the questions presented in the Jury Verdict Form or in chronological order or according to the testimony of each witness.   Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process of deliberation along in the event you reach a controversial issue, it is wise to pass it temporarily and move on to less controversial issues before coming back to it. You should then continue through each issue in the order on which you have agreed unless a majority of you agrees to change the order.

It is very helpful, but certainly not required of you, that all votes be taken by secret ballot. This will help you focus on the issues and not be overly influenced by personalities.   Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and, therefore, you should treat each other with respect.   Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences.   With such a commitment and mutual respect, you will most likely render a verdict that leaves each of you satisfied that you have indeed rendered justice.

## JURY INSTRUCTION NO. 43

Reaching a Verdict

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the law as I give it to you whether you agree with it or not. You must base your verdict on the evidence. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means you must decide the case solely on the evidence before you and according to the law as I give it to you. You have taken an oath promising to do just so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

## JURY INSTRUCTION NO. 44

<u>Jury Verdict Form</u>

You will receive a document called a Jury Verdict Form.   You are instructed to answer the questions in the Jury Verdict Form as directed in that form.   You must reach unanimous agreement on the answers to each of the questions you are directed in the form to answer.   Upon arriving at an agreement, your Foreperson will insert each answer on the Jury Verdict Form, then your Foreperson will date the Jury Verdict Form, sign it, and ask all of the other jurors to sign it. Your signature on the Jury Verdict Form is simply verification of your agreement with the unanimous decision on the fact questions presented to you in this case.

After you have filled out the Jury Verdict Form in this manner, your Foreperson should advise the court security officer stationed outside the jury room that you have reached a verdict.

## JURY INSTRUCTION NO. 45

### Communications with the Judge

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer, signed by one of you. Do not disclose the content of your note to the court security officer. No member of the jury should hereafter attempt to communicate with me except by signed writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict or I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction I must first notify counsel and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

In some instances jurors request that certain testimony be read to them. This cannot be done as it is inappropriate for the court to single out testimony. In those circumstances you must rely upon your own recollections.

**JURY INSTRUCTION NO. 46**

<u>Original Exhibits</u>

The original forms of the written instructions and exhibits are a part of the court record.

Do not place any marks or notes on them.