IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02418-MEH

VICTOR CEJKA,
JAMES WALKER,
STEVEN WASCHER, and
JAMIE LYTLE,

    Plaintiffs,

v.

VECTRUS SYSTEMS CORPORATION, f/k/a Exelis Systems Corporation,

    Defendant.

---

**ORDER ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFFS' FIRST CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER COLORADO LAW [ECF NO. 317]**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiffs initiated this employment action on October 30, 2015, against their former employer, Defendant Vectrus Systems Corp. ("Vectrus"), alleging that they suffered adverse employment actions in retaliation for reporting to the United States military what they believed to be conduct by Defendant that adversely affected security at Bagram Air Force Base in Afghanistan. This case was tried to a jury for common law retaliatory termination (Claim I) (all Plaintiffs) and violation of 10 U.S.C. § 2409, the Department of Defense whistleblower statute (Claim II) (Plaintiff Walker). The jury found for Defendant on Plaintiff Cross's claim and for the remaining Plaintiffs under both the common law claims (all Plaintiffs) and the statutory claim (Plaintiff Walker). In the interim, Plaintiff Cross has settled with Defendant.

    Here, Defendant seeks judgment as a matter of law on the four prevailing Plaintiffs' claims for retaliatory discharge in violation of public policy, on the ground that this doctrine applies only

to "at-will" employees and these Plaintiffs were all contract employees. *See* ECF No. 317. Because I find that a wrongful discharge claim is not so limited, I deny Defendant's motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 50(b) provides that "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . ." Fed. R. Civ. P. 50(b). In analyzing a Rule 50(b) motion, courts should construe the evidence in the record in a light most favorable to the nonmoving party. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). Courts must not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000). "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Tyler*, 232 F.3d at 812 (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)). Motions under Rule 50(b) "should be cautiously and sparingly granted." *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (quoting *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1171 (10th Cir. 1985)).

**ANALYSIS**[1]

By way of background, Plaintiffs entered into employment agreements with Defendant. *See, e.g.*, Pls.' Trial Ex. 56. The agreements permitted Defendant to terminate Plaintiffs "for convenience a[t] any time, provided that thirty (30) days written notice has been provided." *Id.* at 56–008. The agreements also permitted Defendant to terminate Plaintiffs "for cause" upon a showing of eighteen different acts. *Id.* Defendant's motion requires me to determine whether the existence of Plaintiffs' employment contracts precludes their state law wrongful termination claims.

---

[1]For purposes of this motion, Defendant asserts, and Plaintiffs do not materially contest, that each of the four prevailing Plaintiffs had an employment contract.

I find that a claim for wrongful termination in violation of public policy under Colorado law is not strictly limited to instances when the plaintiff is purely an "at-will" employee. While it is true that Colorado case law frequently couches this claim as an exception to at-will employment, a more detailed study of precedent establishes that the exception will, in the proper circumstance, afford a cause of action to employees whose term is memorialized in writing.

The Colorado Supreme Court first recognized a claim for termination in violation of public policy in *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo. 1992). That opinion contains important analysis that sheds light on what the court was trying to accomplish.

First, the *Martin Marietta* court recognized the judicial trend in America that "the at-will employment doctrine implicates not only an employer's discretion in hiring and firing but also the important interest of the employee in holding on to a job and society's interest in fixing a proper balance between the two." *Id.* at 105. The newly minted "public-policy exception" "was intended to convey 'that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good.' . . . 'It would be obnoxious to the interests of the state and contrary to public policy and sound morality to allow an employer to discharge any employee, whether the employment be for a designated or unspecified duration, on the ground that the employee declined to commit perjury, an act specifically enjoined by statute.'" *Id.* (quoting *Petermann v. Int'l Bhd. of Teamsters Local Union 396*, 344 P.2d 25, 27 (Cal. Dist. Ct. App. 1959)). Here, Plaintiffs' employment was for a designated duration.

In adopting such a doctrine for this state, the Colorado Supreme Court noted that "[t]he essence of the public-policy exception is that an employee will have a cognizable claim for wrongful discharge 'if the discharge of the employee contravenes a clear mandate of public policy.'" *Id.* at

3

107 (quoting *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1089 (Wash. 1984)). The operative paragraph that adopts the doctrine states as follows:

> In light of Colorado's long-standing rule that a contract violative of public policy is unenforceable, it is axiomatic that a contractual condition, such as the terminability condition of an at-will employment contract, should also be deemed unenforceable when violative of public policy. There is no question that the manifest public policy of this state is that neither an employer nor an employee should be permitted to knowingly perpetrate a fraud or deception on the federal or state government. A corollary of this policy is that an employee, *whether at-will or otherwise*, should not be put to the choice of either obeying an employer's order to violate the law or losing his or her job.

*Id.* at 109 (emphasis added). Thus, the court made clear that an employee has a claim for wrongful discharge when the employer's termination of the employee is contrary to public policy, regardless of whether that employee's contract is "at-will or otherwise," *id.*, or for "a designated or unspecified duration," *id.* at 105.

Moreover, cases decided since *Martin Marietta* have expressed a clear trend toward affording employees increased protections against termination:

> Colorado is an employment at-will state, which means that an employer may terminate the employment relationship for any reason or without reason, and without legal liability. *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 546 (Colo. 1997). The exceptions to an employer's general right to terminate an employee, however, are considerable. *See id.* (identifying certain statutory and judicially created exceptions to employment at-will); *see also Wisehart v. Meganck,* 66 P.3d 124, 131–32 (Colo. App. 2002) (Webb, J., dissenting) ("The [employment at-will] doctrine is so riddled with exceptions that it will rarely be the case that the termination of a particular employee does not fall within one of the exceptions.").

*Ruiz v. Hope for Children, Inc.*, 352 P.3d 983, 985 (Colo. App. 2013); *Brunson v. Colo. Cab Co., LLC*, __ P.3d __, 2018 WL 775523, at *3 (Colo. App. Feb. 8, 2018) (stating that when employers are subject to both federal and Colorado law, the law providing greater protection for the employee or setting the higher standard will apply), *cert. granted on other grounds*, 2018 WL 3019042 (Colo. June 18, 2018).

Defendant insists that although a claim for wrongful discharge in violation of public policy might have been available to the Plaintiffs here, their failure to plead it as a breach of contract claim bars their recovery. In other words, they pleaded it incorrectly. I do not agree that Colorado courts have been so mechanical. My careful study of Colorado law convinces me that this doctrine, while sounding in tort, provides a *tort* claim even in the context of an "employment contract." Indeed, the court in *Martin Marietta* specifically referred to an at-will employment relationship as an "employment contract." *Martin Marietta*, 823 P.2d at 109. Furthermore, in *Decker v. Browning-Ferris Industries of Colorado, Inc.*, 931 P.2d 436 (Colo. 1997), the court was deciding whether to permit a claim for breach of implied covenant of good faith and fair dealing in the employment contract context, just as in the insurance contract context. In rejecting this new theory of recovery, the court stated that "[t]o the extent the contents of employment contracts and insurance contracts are similar, the tort of wrongful termination of an employment contract in violation of public policy represents an appropriate analog to the tort of bad faith breach of the implied covenant of good faith and fair dealing of an insurance contract." *Id.* at 446.

In recognition of the purpose of the prohibition on discharging an employee for whistleblowing, and relying on the policy statements underlying the tort of wrongful discharge in violation of public policy, I find that in the circumstances of this case, Colorado courts would sustain Plaintiffs' claims. I find no basis in Colorado case law supporting the proposition that this doctrine is any less important or less available for those employees who have their employment duration in writing versus those whom Defendant would call a purely "at-will employee." If this is true, then the sole reason for depriving the prevailing Plaintiffs of their verdict would be that their claims were pleaded in tort and not in contract. This is too fine a line.

As Defendant notes, in most cases, Colorado courts reiterate the premise that a claim for termination in violation of public policy is an exception to at-will employment. However, Colorado courts typically discuss this tort as an exception to the at-will employment doctrine simply because that was the term used in *Martin Marietta*, and because almost all cases since then have, in fact, involved at-will employees. Not a single Colorado case that I (or the parties) could find even discusses, let alone rejects, the doctrine for those employees whose employment is memorialized in a writing.[2] Moreover, both the black letter statement of the elements of the claim, *see, e.g.*, *Jaynes v. Centura Health Corp.*, 148 P.3d 241, 243 (Colo. App. 2006), as well as the applicable Colorado jury instruction, Colo. Jury Instr. Civ. 31:12, omit any requirement that the employment be "at will."

One Tenth Circuit case has found, in agreement with Senior Judge Wiley Daniel of this district court, that if an employee is covered by a collective bargaining agreement ("CBA"), the employee cannot assert a tort claim for wrongful discharge in violation of public policy. *Doll v. U.S. W. Commc'ns, Inc.*, 60 F. App'x 250, 252 (10th Cir. 2003) (unpublished). Judge Daniel's opinion relied explicitly on the policy consideration of requiring a union employee to engage in the CBA's grievance policy. *Doll v. U.S. W. Commc'ns, Inc.*, 85 F. Supp. 2d 1038, 1046 (D. Colo. 2000). Further, the CBA typically contains protections from wrongful discharge that an at-will employee does not have. Specifically, in *Doll*, the union employee could be discharged only for "just cause," and a discharge in violation of public policy, which would not be just cause, could be asserted in the CBA grievance process. *Id.* at 1046–47. Here, Defendant admits that Plaintiffs' employment contracts permitted termination "for convenience." Mot. 4, ECF No. 317; *see, e.g.*, Pls.' Trial Ex.

---

[2]At least one Colorado case has assumed, without discussion, that an employee with a written employment contract may assert a claim for wrongful discharge in violation of public policy. *Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 464 (Colo. App. 2003) (citing *Martin Marietta*, 823 P.2d 100).

6

56, at 56–008 ("[Defendant] may terminate the Employee for convenience a[t] any time . . . ."). Thus, these Plaintiffs' protections from termination were fundamentally less than those in *Doll*, and that case does not control the outcome here.

Defendant also cites *Caspar v. Lucent Technologies, Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003), for the proposition that "[t]he concept of a wrongful discharge evolved as an exception to the at-will employment doctrine and is designed to provide a remedy for unlawful adverse employment actions *where no cause of action for breach of contract would lie*." *See* Mot. 9–10 (emphasis added). This statement is cited without context, though. The broader message in *Caspar* was that "Colorado courts have expressly disallowed [a wrongful discharge claim] where a statute provides a wrongful discharge remedy," 280 F. Supp. 2d at 1249. There, Title VII did just that. The court was not juxtaposing a traditional breach of contract claim with a wrongful discharge claim; it was precluding the assertion of a wrongful discharge claim because Title VII provides a wrongful discharge remedy. *See id.* ("Given the availability of [the employee's] Title VII remedies, therefore, Colorado authority indicates the wrongful discharge claim is not available."). When probed beneath its surface, *Caspar* does not support Defendant's position.

To be clear, I do not hold that there could be no set of circumstances in which an employment contract creates sufficient protections so as to preclude a tort claim for wrongful discharge. One could imagine a contract that permits an employee to be discharged only for certain offenses or creates a grievance process similar to that in *Doll*. In this circumstance, a tort claim for wrongful discharge may be precluded. *See generally Silva v. Am. Fed'n of State, Cty., & Mun. Emps.*, 231 F.3d 691, 693 (10th Cir. 2000) (stating while applying New Mexico law, "if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable"). However, the contracts at

7

issue did not provide protection from wrongful discharge; instead, they permitted termination "for convenience." To me, the ability to terminate for convenience gives an employer similar discretion to the ability to terminate without any notice—which Defendant calls "a hallmark of at-will employment." Mot. 12. Thus, the contracts made Plaintiffs' employment substantially similar to an at-will relationship. Under these specific facts, I find that the Colorado Supreme Court would recognize a tort claim for wrongful discharge.

## CONCLUSION

In conclusion, in light of the rationale behind Colorado's adoption of the public-policy exception for wrongful discharge and Colorado's expansive view of workers' rights, a tort claim for retaliatory termination is permissible in the circumstances of this case. Accordingly, Defendant's Renewed Motion for Judgment as a Matter of Law as to Plaintiffs' First Claim for Wrongful Discharge in Violation of Public Policy Under Colorado Law [filed June 22, 2018; ECF No. 317] is **denied**.

Dated and entered at Denver, Colorado, this 9th day of October, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge